IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **ANTONIO PURIFY,** | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | )    Case No.: _____ <br> ) |
| **UNITED STATES OF AMERICA** | ) <br> ) |
| Defendant. | |

## PLAINTIFF'S COMPLAINT

COMES NOW the Plaintiff, ANTONIO PURIFOY, and files this complaint against the UNITED STATES OF AMERICA pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b)(1) and §§ 2671 *et seq.*, for money damages as compensation for severe personal injuries caused by the negligent and wanton acts of Caleb A. Quackenbush while acting within the scope of his office or employment with the UNITED STATES OF AMERICA.

## PARTIES

1. Plaintiff, ANTONIO PURIFOY, is over the age of nineteen (19) and has been a resident of Mobile County, Alabama at all times material hereto.

2. Defendant, UNITED STATES OF AMERICA (hereinafter USA), is a sovereign nation which ordinarily cannot be sued, but who has consented through statute to be sued in its Courts under certain circumstances. Plaintiff brings this lawsuit against the UNITED STATES OF AMERICA in its Courts in the manner which the USA has agreed to be sued under the Federal Tort Claims Action, 28 U.S.C. §§ 1346(b). The USA was the employer of tortfeasor Seaman Caleb A. Quackenbush (hereinafter Quackenbush) on or about January 17, 2023.

3. The United States Coast Guard is an agency, department, or subsidiary of Defendant, USA.

## JURISDICTION AND VENUE

4. Jurisdiction is proper in this Court under the Federal Tort Claims Act, 28 U.S.C. § 1346(b) and §§ 2671 *et seq.* because the USA has consented to be sued in its Courts.

5. Pursuant to the requirements of the Federal Tort Claims Act, 28 U.S.C. § 1346(b) and §§ 2671 *et seq.,* Plaintiff timely filed his claims with the U.S. Department of Homeland Security, United States Coast Guard Legal Services Command and his claim was denied on November 19, 2024. (Exhibit A).

6. Plaintiff requested reconsideration of the claim and Plaintiff's reconsideration was denied on May 1, 2025. (Exhibit B).

7. The United States Coast Guard's second denial constituted a final denial of Plaintiff's administrative claim under Title 28, C.F.R. Part 14.

8. At all times material hereto, Quakenbush, was an employee of the United States Coast Guard stationed in Mobile, Alabama.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1402(b) because the acts and omissions giving rise to this claim occurred within this judicial district of the Southern District of Alabama and the Plaintiff resides in the Southern District of Alabama.

## FACTUAL BACKGROUND

10. On or about January 17, 2023, Plaintiff Antonio Purifoy was driving a 2022 Volkswagen Tiguan on Cottage Hill Road near the intersection of Pleasant Valley Road in Mobile, Alabama.

11. At approximately 1622 hours, Defendant Quakenbush negligently, recklessly and wantonly attempted a dangerous left-hand turn in front of Mr. Purifoy which caused a motor vehicle collision and inflicted serious and lasting injuries on Plaintiff, ANTONIO PURIFOY.

12. Seaman Quakenbush was driving a U.S. Coast Guard Dodge Ram 1500 truck at the time of the accident and was acting in the line and scope of his employment for the United States Coast Guard.

13. Plaintiff, Antonio Purifoy, filed a lawsuit against Geico Casualty Company on June 8, 2023, in the Circuit Court of Mobile County, Alabama seeking uninsured/underinsured motorist benefits under his own insurance policy with Defendant Geico Casualty Company.

14. Defendant, Geico Casualty Company, filed a Third-Party Complaint against Caleb A. Quackenbush on July 11, 2024, seeking subrogation and indemnification from Caleb A. Quackenbush for any monies that Geico Casualty Company would have to pay arising out of the motor vehicle accident that occurred on January 17, 2023.

15. The United States of America removed the action to this Court on August 27, 2024, and was substituted as the third-party defendant pursuant to the Westfall Act (Civ. A. No. 24:0301-MU).

16. On February 14, 2025, the Plaintiff's Complaint against Geico Casualty Company and Geico Casualty Company's Complaint against the United States of America (Civ. A. No. 24:0301-MU) was dismissed with prejudice after a finding that Quakenbush was acting within the scope of his employment and was entitled to Westfall Act immunity. As such and based on the doctrine of *res judicata*, the Plaintiff brings this action only against The USA given that Quackenbush has already been adjudged immune from liability.

17. Plaintiff then requested reconsideration of the Plaintiff's original administrative claim and Plaintiff's reconsideration was denied on May 1, 2025. (Exhibit B).

18. This Complaint is being filed within six months of the mailing of the final denial of the Plaintiff's administrative claim, in accordance with 28 U.S.C. § 2401(b).

## COUNT I- NEGLIGENCE

19. Plaintiff adopts by incorporation and re-alleges all preceding paragraphs as if set up fully herein.

20. Quackenbush owed a duty to the motorist on the roads of Mobile County, Alabama, including the Plaintiff, to operate the Coast Guard's Ram 1500 truck in a reasonable safe manner in the line and scope of his employment for Defendant, USA, so as not to injure other motorists on the roads of Mobile County, Alabama.

21. Quackenbush breached this duty while acting in the line and scope of his employment by for the United States Coast Guard by failing to yield the right-of-way and turning in front of Plaintiff's vehicle and causing a high-speed collision as the Plaintiff was traveling east on Cottage Hill Road in Mobile County, Alabama.

22. As a proximate and direct cause of the aforementioned collision Plaintiff, ANTONIO PURIFOY was caused to suffer the following damages and injuries:

    a) Physical injuries and was made sick, sore, lame, bruised and contused, which will continue into the future;

    b) Incur medical expenses, including medicine, physician's fees and hospital fees, which will continue into the future;

    c) Temporary and/or permanent disability, which will continue into the future;

    d) Lost wages and/or permanent disability, which will continue into the future;

    e) Physical pain and suffering, which will continue into the future;

    f) Mental anguish;

    g) Property damage.

WHEREFORE, the above premises considered, Plaintiff, ANTONIO PURIFOY, demands judgement for compensatory damages plus the interest and the costs of this action against Defendant USA that he is legally entitled to recover as a proximate result of the negligence of the Quakenbush who was acting in the line and scope of his employment for the United States Coast Guard at the time he caused the aforementioned collision.

## COUNT II- RECKLESSNESS/WANTONNESS

23. Plaintiff adopts by incorporation and re-alleges all preceding paragraphs as if set up fully herein.

24. The above referenced collision was due to Quackenbush's recklessness and wantonness in turning directly in front of the Plaintiff as he was traveling on Cottage Hill Road in Mobile County, Alabama when Quackenbush knew or should have known of an unjustifiably high risk of injury due to his reckless and wanton actions.

25. As the proximate and direct result of the Quackenbush's recklessness and wantonness, the Plaintiff has been injured and damaged as set forth in Count I above.

WHEREFORE, premises considered, Plaintiff respectfully demands judgment against Defendant, USA, for compensatory and punitive damages including interest and the cost of this action, in an amount determined by the trier of fact, for Quackenbush's recklessness/wantonness.

Dated:     May 30, 2025　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　　C. S. CHIEPALICH, P.C.
　　　　　　　　　　　　　　　　　　　　　　　　Attorney for Plaintiff

　　　　　　　　　　　　　　　　　By:　　s/ C. S. Chiepalich
　　　　　　　　　　　　　　　　　　　　　　　　C. S. CHIEPALICH
　　　　　　　　　　　　　　　　　　　　　　　　Post Office Box 6505
　　　　　　　　　　　　　　　　　　　　　　　　Mobile, Alabama  36660
　　　　　　　　　　　　　　　　　　　　　　　　(251) 478-1666
　　　　　　　　　　　　　　　　　　　　　　　　csc@cscpc.net

　　　　　　　　　　　　　　　　　　　　　　　　s/ Zach Chiepalich
　　　　　　　　　　　　　　　　　　　　　　　　ZACHARIAH L. CHIEPALICH
　　　　　　　　　　　　　　　　　　　　　　　　Post Office Box 6505
　　　　　　　　　　　　　　　　　　　　　　　　Mobile, Alabama  36660
　　　　　　　　　　　　　　　　　　　　　　　　(251) 478-1666
　　　　　　　　　　　　　　　　　　　　　　　　zlc@cscpc.net

**DEFENDANT TO BE SERVED VIA CERTIFIED MAIL RETURN RECEIPT REQUESTED**

Sean P. Costello
United States Attorney
63 South Royal Street
Suite 600
Mobile, AL 36602

**OFFICE OF THE ATTORNEY GENERAL**
**PAMELA JO BONDI**
United States Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20520-0001

# Exhibit A

**U.S. Department of Homeland Security**

**United States Coast Guard**

Commanding Officer
United States Coast Guard
Legal Service Command

300 East Main Street
Suite 400
Norfolk, VA 23510
Staff Symbol: LSC-C
Phone: 757-628-4169

5890
November 19, 2024

7022 1670 0003 0692 9983

CERTIFIED MAIL
RETURN RECEIPT REQUESTED

C.S. Chiepalich., Esq.
1860 Government St
Mobile, AL 36606

Re: Standard Form 95 claim form undated
Your Client: Antonio Purifoy
USCG File Number: 24-LC-0186

Dear Attorney Chiepalich:

We reviewed the claim filed on behalf of your client, Antonio Purifoy. The claim is denied pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680 and the Code of Federal Regulations, 28 C.F.R. Part 14; and 33 C.F.R. Part 25.

If your client wishes to pursue the matter, you may commence an action in the appropriate United States District Court not later than six months after the date of mailing of this notice. Or, prior to commencing an action, you may request, in writing, that we reconsider the claim. Your request should include the legal or factual grounds supporting the relief requested and must be filed with this office within six months after the date of mailing of this notice.

Sincerely,

R. Navarro

R. NAVARRO
Claims Division
U.S. Coast Guard Legal Service Command
By direction

# Exhibit B

**U.S. Department of Homeland Security**

**United States Coast Guard**

Commanding Officer
United States Coast Guard
Legal Service Command

300 East Main St., Suite 400
Norfolk, VA 23510-9100
Staff Symbol: (LSC-C)
Phone: (757) 628-4212

5890
May 1, 2025

CERTIFIED MAIL
RETURN RECEIPT REQUESTED

C.S. Chiepalich, Esq.
1860 Government St
Mobile, AL 36606

Re: Request for reconsideration of Antonio Purifoy claim
USCG File No. 24-LC-0186

Dear Attorney Chiepalich:

I have reconsidered your above-referenced claim filed against the U.S. Coast Guard in accordance with the Federal Tort Claims Act (28 U.S.C. §§ 2671-80) and Title 33, Code of Federal Regulations, Part 25. Regrettably, the claim is denied on reconsideration.

This letter constitutes notification of final denial of an administrative claim as required by Title 28, Code of Federal Regulations, Part 14. If you wish to pursue this matter, you may commence an action in the appropriate U.S. District Court within six (6) months of the date of this letter. Please ensure you reference the USCG file number indicated above.

Sincerely,

S. M. BRADSHAW
Attorney
Claims Division
U.S. Coast Guard Legal Service Command
By direction